■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RONALD MAYBUSHER, Appellant.— Motion by defendant to have new counsel assigned in place of counsel presently assigned. On August 26, 1964 defendant was convicted, on his plea of guilty, of robbery in the third degree. On January 11, 1965 Anthony F. Marra, Esq., was assigned to prosecute defendant's appeal. On May 7, 1965, on defendant's motion, Raoul E. Szabo, Esq., was assigned in place of Mr. Marra. On May 21, 1965 attorney Szabo requested to be relieved of the assignment on the ground that he was not experienced in either criminal or appellate work. On June 22, 1965 the motion was denied. Shortly thereafter attorney Szabo wrote to defendant that he had never worked on criminal cases before, knows nothing about criminal appeals, and that his application to be relieved of the assignment had been denied. Based on the information contained in attorney Szabo's letter, defendant wrote to this court on July 12, 1965 asking for the assignment of new counsel. In support of defendant's application, attorney Szabo submitted an affirmation that (1) he had not volunteered to undertake criminal appeals; (2) the assignment by this court was without his knowledge and consent; (3) he cannot be compelled to perform services without compensation and against his will, all of which is a deprivation of his constitutional rights because it is involuntary servitude; (4) he is being compelled to undertake a legal matter which he feels in his conscience he should not undertake; (5) defendant is being compelled to accept counsel inexperienced in the matter at hand, notwithstanding the fact that defendant is entitled to experienced counsel. In our opinion, all the arguments of defendant's presently assigned counsel are untenable. An indigent defendant, who is by statute accorded an absolute right to appeal, is entitled as a matter of constitutional right to the assignment of counsel to represent him on such appeal if he so requests. (*People* v. *Hughes*, 15 N Y 2d 172.) In order to accord this right to indigent prisoners, an appellate court must from time to time call upon various members of the Bar to assist in the fulfillment of this public and professional duty, whether or not they have volunteered their services in this connection. "A lawyer assigned as counsel for an indigent prisoner ought not to ask to be excused for any trivial reason, and should always exert his best efforts in his behalf." (Canons of Professional Ethics, canon 4.) In our opinion, lack of experience in criminal or appellate work, or the fact that the attorney is requested to render services without compensation does not provide a basis in this case to be relieved. The number of defendants for

whom assignments of counsel are required is large and the burden of this work cannot be imposed upon the limited membership of the Bar specializing in criminal law. The responsibility of undertaking the defense of those accused, who have no means of securing counsel, has been traditionally assumed by members of the Bar. The Court of Appeals assumes that all the registered lawyers in this State are available for assignment either in the appellate courts or in the trial courts (see *People* v. *Witenski*, 15 N Y 2d 392, 398). However, the conduct of attorney Szabo in communicating with his client in the manner in which he did after this court denied his application to be relieved has destroyed not only any confidence that defendant had in him, but also his usefulness in safeguarding the interests of this defendant. For this reason, and this reason alone, defendant's motion to assign new counsel is granted. In doing so, we still consider attorney Szabo available for future assignments. Motion to have new counsel assigned granted; Victor J. Carbonaro, Esq., 313 West Old Country Road, Hicksville, New York, is assigned as counsel to prosecute the appeal in place of Raoul E. Szabo. Appellant's time to perfect the appeal is further enlarged to the January Term, beginning January 3, 1966; appeal ordered on the calendar for said term. By prior order, dated January 11, 1965, appellant was granted leave to prosecute the appeal on the original papers (including the typewritten minutes) and on a typewritten brief; the appellant was directed to file six copies of his typewritten brief and to serve one copy on the District Attorney of Queens County. The Clerk of the trial court was directed to furnish, without charge to appellant's counsel, a transcript of the stenographic minutes (Code Crim. Pro., § 456). Beldock, P. J., Ughetta, Christ, Brennan and Hill, JJ., concur.